AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Oregon

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 6:20-mj-00208-MK |
| Luis Alejandro Juarez | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT
## BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of August 14, 2020 in the county of Lane in the District of Oregon, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of a firearm |

This criminal complaint is based on these facts:

The attached affidavit of DEA SA Andrew Hsia, which is incoporated herein.

☑ Continued on the attached sheet.

S/Andrew Hsia

*Complainant's signature*

Andrew Hsia, DEA Special Agent

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 740 a.m./p.m.

Date: 8/15/20

*Judge's signature*

City and state: Eugene, Oregon    Mark D. Clarke, U.S. Magistrate Judge

*Printed name and title*

DISTRICT OF OREGON, ss:     AFFIDAVIT OF ANDREW N. HSIA

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Andrew N. Hsia, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1. I am a Special Agent (SA) with the United States Drug Enforcement Administration (DEA) and have been since September 2014. My current assignment is at the Eugene Resident Office in Eugene, Oregon. I am empowered by Title 21, United States Code, Section 878 to make arrests and obtain and execute search warrants. My job assignment includes, but is not limited, to the investigation of violations of Title 21, United States Code, Sections 841(a)(1), 846, 843(b), and 856, which includes the detection, identification, and apprehension of those individuals involved in narcotics trafficking offenses. I have attended the Drug Enforcement Academy where I received basic and specialized training from the DEA. Based off training I have received and my own experience, I am familiar with the methods and techniques employed by traffickers of controlled substances to obfuscate and disguise their illicit activity. As firearms are often involved in drug crimes, I am also familiar with firearm offenses and have investigated those as well.

2. I submit this affidavit in support of a criminal complaint and arrest warrant for Luis Alejandro Juarez (JUAREZ) for being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1), felon in possession of a firearm. As set forth below, there is probable cause to believe, and I do believe, that JUAREZ committed the above offense.

3.  I am familiar with the facts and circumstances of this investigation based on my personal involvement in this investigation and from oral and written reports made to me by other law enforcement officers.  Unless placed in quotes, the statements of individuals are not direct quotes, but rather the essence of what the individual said.   This affidavit does not include all of the facts known to me regarding this investigation; only those sufficient to establish probable cause for the complaint and arrest warrant.

## Applicable Law

4.  Title 18, United States Code, Section 922(g) provides in relevant part that "it shall be unlawful for any person (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year … to … possess in or affecting interstate commerce, any firearm or ammunition or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

## Statement of Probable Cause

### A. August 14, 2020, Encounter with JAUREZ and Seizure of Loaded Assault Rifle and Body Armor

5.  On August 14, 2020, law enforcement secured the residence located at 1225 Clearview Avenue NE, Keizer, Marion County, Oregon ("Clearview address") in anticipation of a search warrant related to the investigation of a drug trafficking organization and arrest of an individual who had received approximately 40 pounds of methamphetamine at the Clearview address that morning.  During this time, multiple individuals were contacted inside and outside of the residence.  Among those contacted by law enforcement was JUAREZ.

6.  JUAREZ was slouched down in front of a white 2006 Hummer H3, parked in the

backyard of the Clearview address. Law enforcement observed a plastic baggie with a white substance in JUAREZ's hands as law enforcement approached. After receiving commands to show his hands, JUAREZ dropped the plastic baggie to the ground. Investigators later collected the baggie which appeared to be about one ounce of suspected methamphetamine which field tested presumptive positive for methamphetamine. During JUAREZ's detainment, he told law enforcement that he had "drugs" in his pocket and allowed law enforcement officers to remove them from his pants. These drugs turned out to be a small twisted baggie with a white powdery substance which field tested presumptive positive for cocaine and another small re-sealable baggie with three small blue pills which field tested presumptive positive for MDMA.

7. JUAREZ identified a red 2013 Nissan Rogue bearing Oregon license plates 376LQU ("red Rogue"), as being the vehicle he drove to the location in. According to an Oregon Vehicle Registration Card later found inside of the vehicle, Zulema Javier Ramirez was the registered owner of the vehicle which JUAREZ later said was his wife.

8. JUAREZ provided law enforcement with a verbal and written consent to search his vehicle. Law enforcement conducted a search of the vehicle and found a piston-driven semi-automatic American Tactical Omni Hybrid AR-15 rifle, serial number NS278915, which had a loaded magazine with .223 bullets inside of it, concealed under a black plastic bag and a jacket, leaned up against the front passenger seat. The markings on the AR-15 as well as the information on the American Tactical Imports website indicate that the weapon was assembled in Summerville, South Carolina and thus affected and was transported in interstate commerce. The rifle had the front muzzle on the front passenger floorboard with the stock-end of the gun toward the roof of the vehicle, within easy reach of the driver of the vehicle. Law enforcement

also discovered a wearable ballistic vest, which had markings on it for an Officer Fowler, Badge 4152 of "INSP," in the cargo area of the hatchback vehicle.

9.      Law enforcement observed that the red Rogue's keys were inside of the ignition as they continued their search of the vehicle.  Also inside of the vehicle, in close proximity to the firearm was an Oregon Identification Card bearing JUAREZ's photo and biographical information.  Numerous documents with JUAREZ's name on them, were found in the front passenger seat area as well.  One such example was a letter from the State of Washington Department of Licensing, addressed to JUAREZ at 4326 San Francisco Drive NE, Salem, Oregon with a date of July 7, 2020, advising him that his license would be suspended on August 23, 2020 as a result of failing to respond, appear, pay, or comply with the terms of a citation for "driving while license suspended."

### B. JUAREZ's Post Arrest Statements

10.     JUAREZ was Mirandized and agreed to speak to law enforcement.  He told investigators that the powdery substance in his pocket was cocaine.  JUAREZ then said that he had been snorting a line of cocaine off the hood of the Hummer as law enforcement arrived. JUAREZ admitted that the pills found on him were ecstasy and that he had obtained them several months prior.  When asked about the baggie of suspected methamphetamine, JUAREZ denied using methamphetamine and said he had not dropped the methamphetamine.  However, as previously noted, law enforcement officers observed JUAREZ drop the baggie of suspected methamphetamine.

11.     JUAREZ confirmed that red Rogue was his wife's that he drove to the location. He admitted that all the items inside were his.  However, he later claimed that the firearm and the

body armor were not his, nor did he know that they were inside of the vehicle.  JUAREZ assured investigators that he was not saying law enforcement had purposely placed the rifle and body armor in his vehicle.  Instead, JUAREZ said that for about 10 minutes he was not around the vehicle when he went relieved himself at a different part of the backyard and suggested that someone inside the residence may have hidden the rifle and body armor in his vehicle while he was away from it during that time.  He claimed he had never been to the residence before but that there were individuals at the residence who were related to the person he had been convicted of attempting to murder.

12.	While being transported to the Lane County Jail after his arrest, JUAREZ told law enforcement that he was a convicted felon, was not supposed to have any weapons or body armor in his car, and was not supposed to be using drugs.  JUAREZ said that he was convicted of shooting a subject and spent years in prison.

### C. JUAREZ's Criminal History

13.	Law enforcement confirmed that JUAREZ was a convicted felon.  In 1992, JUAREZ was charged and convicted of attempt to commit murder, attempt to commit an assault I, and two counts of unlawful use of a weapon in Oregon Judicial case number 92C20484 in the Marion County Circuit Court.  He was sentenced to 60 months in prison for the attempt to commit murder charge.  During his incarceration, JUAREZ was charged and convicted of smuggling contraband into prison in Oregon Judicial case number 94C20387.  He was sentenced to 28 months.  In 2004, JUAREZ was also charged and convicted of felony possession of a stolen vehicle in Oregon Judicial case number 04C53334 in the Marion County Circuit Court.  He was sentenced to 5 days in jail.

**Conclusion**

14.	Based on the foregoing, I have probable cause to believe, and I do believe, that Luis Alejandro JUAREZ was a convicted felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1). I therefore request that the Court issue a criminal complaint and arrest warrant for Luis Alejandro JUAREZ.

15.	Prior to being submitted to the Court, this affidavit, the accompanying complaint and the arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Joseph Huynh, and AUSA Huynh advised me that in his opinion the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

S/ Andrew Hsia
_____
Andrew N. Hsia
DEA Special Agent

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 740 a.m/p.m. on 8/15/20.

_____
MARK D. CLARKE
United States Magistrate Judge